# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUDITH C. HIESTER and | : | |
| ROY R. HIESTER, w/h | : | CIVIL ACTION |
|     Plaintiffs | : | No. 18-4863 |
| | : | |
| v. | : | |
| | : | |
| WAL-MART STORES EAST, LP, | : | |
|     Defendant. | : | |

**MCHUGH, J.**                                                                                                                         December 13, 2018

## MEMORANDUM

This is a diversity case where the question is whether removal was timely. Plaintiffs commenced this action by complaint on August 1, 2018. Compl. 3, ECF No. 1. It is a tort action seeking damages due to a fall. On November 9, 2018, one-hundred days after being served, Defendant filed a Notice of Removal in this Court. Def.'s Notice Removal, ECF No. 1. Because I am persuaded that the elements of federal jurisdiction should have been apparent to Defendant upon filing of the complaint, removal is untimely under 28 U.S.C. § 1446(b)(1). I therefore remand this case to the Philadelphia Court of Common Pleas.

Plaintiffs alleged that because of Defendant's conduct, Mrs. Hiester "suffered serious and painful injuries to her back, exacerbation of preexisting conditions and damage to her bones, muscles and nervous system, some or all of which may be permanent in nature." Compl. 3. Plaintiffs also alleged that Mrs. Hiester "has been forced to expend money for medical treatment which remains ongoing." *Id.* And Plaintiffs claimed that Mrs. Hiester "has suffered and she will continue to suffer great physical pain . . . disfigurement . . . [and] a severe interruption of her usual duties . . . into the indefinite future." *Id.* Plaintiffs' *ad damnum* clause sought more than

1

$50,000, the most that can properly be alleged under Pennsylvania's Rules of Civil Procedure—indicating a major jury case, not a matter eligible for arbitration.

"Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (internal citations and quotation marks removed). The "thirty-day window for removal is only triggered when 'the four corners of the pleading . . . inform[] the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present.'" *In re Asbestos Prod. Liab. Litig.*, 770 F. Supp. 2d 736, 739-40 (E.D. Pa. 2011) (quoting *Foster v. Mut. Fire Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993), *rev'd* on other grounds, *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)). Defendant argues that it could not have reasonably and intelligently concluded from Plaintiffs' Complaint that the amount in controversy exceeded the jurisdictional minimum until a settlement demand was communicated in connection with a case management conference. Def.'s Resp. Pls.' Mot. Remand 5-6, ECF No. 5-1. Taking the damages allegations in the complaint in their entirety and the fact that Plaintiffs certified that the case was not eligible for arbitration, I disagree.

In particular, Plaintiffs' Complaint alleged disfigurement, ongoing medical treatment, the possibility of permanent injury, and continued, severe disruption of Mrs. Hiester's ability to function for an indefinite period of time. Because the difference between the state arbitration limit and the jurisdictional amount for removal is only $25,000, I find it significant that the Plaintiffs certified the case as one that should not go to arbitration.

This case resembles others where remand was deemed appropriate. *See, e.g.*, *Russo v. Wal-Mart Stores E., L.P.*, 2017 WL 1832341, at *2-3 (M.D. Pa. May 8, 2017) (remanding where complaint alleged that plaintiff had suffered "severe and painful injuries . . . will continue to

suffer great pain and agony [in the future] . . . and will continue to spend various sums of money for medical care and attention" in the future); *Peters v. Stop & Shop*, 2013 WL 5781199, at *1 (D.N.J. Oct. 25, 2013) (remanding where complaint alleged "severe, permanent disabling injuries, serious disfigurement . . . great pain and suffering" and ongoing "extensive medical treatment."). *But see Young v. Wal-Mart Stores E, LP*, 2015 WL 1137089, at *3-4 (E.D. Pa. Mar. 12, 2015) (citing cases).

For the foregoing reasons, I grant Plaintiffs' Motion to Remand to the Philadelphia Court of Common Pleas but deny their request to impose costs. An appropriate Order follows.

          /s/ Gerald Austin McHugh
United States District Judge